United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MIGUEL ALVAREZ MENDOZA,<br>Petitioner,<br>v.<br>WARDEN OF THE MESA VERDE DETENTION FACILITY, *et al.*,<br>Respondents. | Case No. 1:26-cv-06399 (EJD)<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: Dkt. No. 1 |

Petitioner Juan Miguel Alvarez Mendoza is an immigration detainee awaiting the outcome of his removal proceedings. In his Petition for Writ of Habeas Corpus, he argues that his detention violates both his procedural and substantive due process rights. For the reasons that follow, the petition is GRANTED and Respondents are ordered to release Petitioner.

## I. BACKGROUND

Petitioner is a citizen of Mexico, who first entered the United States twenty-six years ago without inspection by immigration authorities. Dkt. No. 8 at 5; Dkt. No. 1 at 5. He has since established a life in the United States and is the father of five children between the ages of six and twenty, all of whom are United States citizens. Dkt. No. 1 at 5. Prior to his detention he owned a restaurant with his family for many years and worked in the roofing industry. *Id*. His present detention appears to have been his first interaction with immigration authorities.

In March 2026, Petitioner was arrested by ICE outside the Shasta County Superior Courthouse where he was appearing in relation to a recent arrest for driving under the influence. Dkt. No. 8 at 5. There is no evidence in the record that an administrative warrant for Petitioner's arrest was ever issued or that an immigration officer made an initial custody determination.

Further, it does not appear that removal proceedings were pending at the time of Petitioner's arrest. Petitioner's Notice to Appear opening removal proceedings against him is dated April 9, 2026, nearly two weeks after he was initially arrested and detained by ICE. Dkt. No. 8 at 8.

Petitioner was detained for five months before he was provided any further process to assess whether his continued detention was necessary. Shortly after he filed this habeas petition, the immigration court scheduled him for a custody redetermination hearing. At the hearing, the immigration judge denied Petitioner's request for release, finding that Petitioner was a danger to the community based on his recent arrest and past convictions from 2006, 2007, and 2010. Dkt. No. 11 at 3–4; Dkt. No. 8 at 6. Petitioner has been detained for over eight months.

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

The Petition brings claims for violations of Petitioner's Fifth Amendment due process rights based on his prolonged detention without any individualized custody determination. Dkt. No. 1 at 9–17. Respondents oppose relief, arguing that Petitioner's detention was pursuant to 8 U.S.C. § 1225(b)(2)(A), and that his belated bond hearing renders the claims in his petition moot. Dkt. No. 8 at 1. They further argue that Petitioner must exhaust his administrative remedies by

appealing his bond order to the BIA before seeking habeas relief. *Id.* at 2. For the reasons that follow, these arguments lack merit, and Petitioner is entitled to relief on his due process claim.

With respect to exhaustion, "there are a number of exceptions to the general rule requiring exhaustion, covering situations such as where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004). Petitioner's claim that he was unlawfully detained for a prolonged period without an individualized custody determination falls into these exceptions. *See Hernandez v. Sessions*, 872 F.3d 976, 989 (9th Cir. 2017) (waiver of exhaustion requirement proper where the petitioner raised a purely legal challenge). This type of claim cannot be reviewed by the BIA because it "is well settled that [the BIA] lack[s] jurisdiction to rule on the constitutionality of the [Immigration and Nationality Act] and [its] regulations." *In re Fuentes-Campos*, 21 I. & N. Dec. 905, 912 (BIA 1997); *Liu v. Waters*, 55 F.3d 421, 426 (9th Cir. 1995) ("Clearly the BIA has no jurisdiction to decide questions of the constitutionality of the immigration laws"). Accordingly, Petitioner's claims challenging the lawfulness of his detention may be reviewed by this Court.

Though Respondents maintain that "[d]etention is this case was pursuant to 8 U.S.C. § 1225(b)(2)(A)," they acknowledge that *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026) "holds that § 1226(a) governs Petitioner's detention." Dkt. No. 8 at 1. Section 1226(a) "and its regulations guarantee noncitizens detained under that provision multiple levels of 'substantial procedural protections' against the erroneous deprivation of their liberty[,]" including arrest upon a valid warrant, notice of the basis for continued detention, an initial custody determination made by an immigration officer, and a bond hearing to challenge that determination. *Garcia-Maya v. Blanche*, No. 2:26-CV-01513-RFB-BNW, 2026 WL 1965886, at *5 (D. Nev. July 7, 2026) (quoting *Jacobo-Ramirez v. Mullin*, 834 F. Supp. 3d 1073 (D. Nev. 2026). Additionally, detention under § 1226(a) is only authorized "if removal proceedings are 'pending.'" *Giancarlo A.M. v. California City Warden*, No. 1:26-CV-4036-TLN-CSK, 2026 WL 2836725, at *2 (E.D. Cal. Sept. 22, 2026) (quoting *Loaeza v. Bausch*, No. 26-CV-00945-MAV, 2026 WL 2150155, at *1

(W.D.N.Y. July 27, 2026)). Courts in this district have found that detaining a noncitizen before removal proceedings have been initiated or denying him the procedures he is entitled to under § 1226(a) renders his detention unlawful. *See Giancarlo A.M.*, 2026 WL 2836725, at *3 (finding detention unlawful where the Government detained non-citizen without first opening removal proceedings against him); *Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-CV-05661-DAD-SCR (HC), 2026 WL 2294963, at *3 (E.D. Cal. Aug. 10, 2026) (finding that failure to follow § 1226(a) procedures in detaining a noncitizen constituted a due process violation).

Here, ICE's failure to provide Petitioner with the process he was entitled to under § 1226(a) rendered his detention unlawful from its inception. First, Respondents have not demonstrated that "an ICE officer with designated authority conduct[ed] an initial custody determination at the outset of detention, wherein the noncitizen ha[d] an opportunity to 'demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the noncitizen is likely to appear for any future proceeding.'" *Garcia-Maya*, 2026 WL 1965886, at *5; *see also Moreno v. Chestnut*, No. 1:26-CV-07855-DC-JDP, 2026 WL 3136176, at *3 (E.D. Cal. Oct. 20, 2026) (failure by ICE to make initial custody determination rendered detention unlawful). Second, Petitioner was arrested without removal proceedings being opened against him. Rather, it appears Petitioner was arrested and then served with a Notice to Appear placing him in removal proceedings two weeks later.

This violation was not remedied by the custody redetermination hearing Petitioner received five months after his initial arrest. "[F]ailure to comply with the procedures set forth by 8 U.S.C. § 1226(a) and its implementing regulations during a petitioner's initial detention renders that detention unlawful and that unlawfulness cannot be cured through belated compliance with statutory requirements." *Zurita Navarro*, 2026 WL 2294963, at *2. Accordingly, the appropriate remedy is immediate release.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, the Petition for Writ of Habeas Corpus is GRANTED.

United States District Court
Eastern District of California

Respondents are ORDERED to immediately release Petitioner from custody. If Respondents seek to re-detain Petitioner, they must provide all the process to which he is statutorily entitled to under 8 U.S.C. § 1226(a). This Order does not address the circumstances in which Respondents may detain Petitioner in the event he becomes subject to an executable final order of removal.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: November 25, 2026

EDWARD J. DAVILA
United States District Judge